UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ANDREW WHITNEY, SR., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 16-2216-JBM |
| | ) |
| CHAMPAIGN COUNTY JAIL & MANAGERS, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

**JOE BILLY MCDADE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Justin Andrew Whitney's claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Whitney is a pretrial detainee who is currently being held at the Champaign County Jail. Whitney alleges that managers at the Champaign County Jail allowed trash bags to be hung from the top of a steel stairway at the Jail. Although he does not allege how, Whitney claims that the placement of the trash bags caused him to fall and to injure himself. Whitney claims that he was denied medical treatment for thirteen days after sustaining injuries from the fall. After he finally received medical attention from medical professionals at Carle Hospital in Champaign, Whitney claims that Defendants Dr. Shaw and Dr. Futake ignored the care instructions that were provided by the medical professionals at Carle Hospital after he returned to the Jail. Finally, Whitney alleges that Defendants Worley and Richards tampered with his medical files in order to hide the denial of his medical treatment.

Whitney's Complaint state a claim against Dr. Shaw, Dr. Futake, Worley, and Richards for deliberate indifference to his serious medical needs in violation of his Fourteenth Amendment Due Process rights. *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015); *Gilbert v.*

*Rohana*, 2015 WL 6442289, * 4 (S.D. Ind. Oct. 23, 2015)(finding that "*Kinglsey* did not alter the legal standard for denial of medical treatment claims brought by pretrial detainees like Plaintiff.").

Whitney's Complaint does not state a claim against Captain Voges and Nancy Griffin. According to Whitney, these two placed false information into a freedom of information act file. Whitney alleges that they did so in order to hide the lack of concern for his health. However, Whitney does not explain who relied upon this alleged false information and how these documents led to the violation of his constitutional rights. Accordingly, Whitney's Complaint fails to state a claim against Captain Vogues and Nancy Griffin.

Whitney's Complaint also fails to state a claim against the Champaign County Jail, the Jail's managers, Corrections Care Solutions, and its managers. As for the Champaign County Jail, it is a building, not a person who can be sued under § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

As for the Champaign County Jail managers, Correction Care Solutions, and its managers, Whitney is improperly attempting to hold it and them liable under the doctrine of *respondeat superior*. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Indeed, the Seventh Circuit has explained that the doctrine of *respondeat superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v.*

*Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011)(quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Whitney has failed to allege any such causal connection of an affirmative link. Instead, Whitney seeks to hold these Defendants liable based upon their supervisory or employer status. Whitney cannot hold them vicariously liable under § 1983, and therefore, his Complaint fails to state a claim against these Defendants.

Finally, to the extent that Whitney is attempting to state a conditions of confinement claim based upon the placement of the trash bags, his Complaint fails to do so. To the extent that the trash bags were a danger, it was an open and obvious danger that Whitney could have easily avoided. The trash bags were akin to water on a floor that other district courts have found did not constitute prison conditions sufficient to violate the inmate's constitutional rights. *Smith v. Smith*, 2009 WL 441269, * 2 (W.D. Wis. Feb. 23, 2009).

**IT IS, THEREFORE, ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim against Defendants Dr. Shaw, Dr. Futake, Nanette Worley, and Amy Richards Lisa Tillis for being deliberately indifferent to his serious medical needs in

violation of his Fourteenth Amendment Due Process rights. This case proceeds solely on the claim identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk of the Court is directed to add Dr. Futake as a party Defendant.

3. The Clerk of the Court is directed to terminate Defendants Champaign County Jail and managers, Corrections Care Solutions and managers, Captain Voges, and Nancy Griffin as party Defendants because the Complaint fails to state a claim upon which relief can be granted against these Defendants. Fed. R. Civ. 12 (b)(6) ; 28 U.S.C. § 1915A.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendant by mailing her a waiver of service. Defendants have 60 days from service to file an Answer. If a Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6. If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be

retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7.  Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

8.  Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9.  Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10.  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT is further ORDERED that the Clerk is directed: (1) to add Dr. Futake as a party Defendant; (2) to terminate Champaign County Jail and managers, Corrections Care Solutions and managers, Captain Voges, and Nancy Griffin as party Defendants; (3) to attempt service on Defendants Dr. Shaw, Dr. Futake, Worley, and Richards pursuant to**

the standard procedures; and (4) to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of serviced and enter scheduling deadlines.

Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

ENTERED this 29th day of September, 2016

                                                s/ Joe Billy McDade
                                                 JOE BILLY MCDADE
                                    UNITED STATES DISTRICT JUDGE